JOHN HARDY, Adm'r., v. THE CAROLINA CENTRAL RAILWAY
COMPANY.

*Negligence — Liability of Master.*

1. A master may be liable to a servant for injuries received in his service from the neligence of the master.

2. Also, for injuries received from the negligence of a fellow servant, if the master was negligent in selecting a bad one.

3. Also, for injuries received from bad machinery negligently selected by him.

4. He is not liable to a servant for injuries received from the negligence of a fellow servant in the same employment.

(*Ponton* v. *R. R. Co* 6 Jones 245 cited and approved.)

PETITION to rehear, by the defendant. (See 74 N. C. 734.)

The petition was heard at June Term, 1876, and the opinion delivered, but not heretofore reported.

*Messrs. W. S. & D. J. Devane* and *D. L. Russell*, for the plaintiff.

*Messrs. R. Strange, Wright & Stedman* and *Battle & Mordecai*, for the defendant.

READE, J. We rehear the case upon the ground, that the defendant's counsel, by reason of what he understood to be an intimation from the Court in his favor upon the question of the liability of a master to a servant for the negligence of a fellow servant, did not present his views as fully as he otherwise would have done. But we are surprised that the learned counsel did not discover from the opinion filed, that we stated *that* and all his other points, and referred to his full brief and stated that we had fully considered them; and that, conceding for the sake of the argument, all his

positions to be in his favor, yet, outside of them _t, there was this against the defendant, that he had no servant at the break in the road whose duty it was to warn the train; that this was negligence which nothing could excuse; and upon that ground the defendant was liable.

The defendant's counsel now insists that we are mistaken in the facts, for that the defendant did have a servant, the section master, whose duty it was to be there and warn the train and that he neglected his duty; and that the injury to the plaintiff's intestate was the neglect of the section master, a fellow servant of the deceased, for which the master, the defendant, is not liable.

Let us see it we are mistaken. The answer of the defendant "denies that the intestate of the plaintiff was injured or killed by any wrongful act, neglect or default of the defendant, or of the section master, ·* * ·* or by any wrongful act or default of any of the servants, agents or employees of the defendant." After that denial, what matters it that the counsel alleges the contrary. The answer is conclusive against the defendant; only the plaintiff can controvert it. And when we look to the evidence it is just as positive—we mean the evidence on the part of the defendant. The General Superintendent testified that, "he did not think the section master was to blame after he had investigated the case. He kept him on the road afterwards." And again, when asked why he thought he was not to blame, he answered that he had been ordered to another place by the road master, "and that one man could not be at two places at one time." And again he said that if he had not been _ordered_ away to another part of the road, still his _duty required_ that he should have been at _another part_ of the road, some ten miles distant. Now, it is not pretended that it was anybody's duty except the section master's to be at the place of accident and give the warning; and it is expressly proved by the defendant that he had been ordered some ten miles

away, and that it would have been his duty to be away, if he had not been ordered; and therefore it was not his duty or within his power to be at the place of the accident.  Who ought to know whether he was to blame better than the General Superintendent?  He says he was not to blame, and he keeps him in service.  In what a dilemma does the counsel place his client!  If it was the duty of the section master to be at the break and give the warning, and he neglected his duty and allowed an excursion train full of human beings to pitch into a gorge and cripple and kill, and the defendant kept him employed after he knew of his negligence, it makes the defendant a monster nuisance which ought to be abated by the force of public indignation.

It is not alleged or proved, that it was the duty of the section master to go over the whole of his section after every storm and before a train passes.  It is simply said that it is his duty to go over his section after every storm, but how long after, is not said.  The General Superintendent says expressly, it was not his duty to have gone over it before *this* train passed, although ten hours had elapsed, and that he was not to blame for not having done it.  And just here is where we said in our opinion, at last term, the defendant's liability comes in.  He thinks it enough to have a section master and hands enough to keep the road in order, taking his time for it.   We say that there must be servants enough, not only for ordinary, but for extraordinary occasions, and that after every storm threatening the road, every foot of it must be examined before a train passes, and that it will not do to say that "one man cannot be in two places at one time," but there must be a man for every place, as need may be.   Here, there was no servant at the place of danger and no one whose duty it was to be there.  Upon this single ground we put our decision at last term and we see no reason to change it.

It is proper that I should say, that I did not at the last

term, as the defendant's counsel supposes, overlook his points or his authorities. I never do that. I examined carefully *Ponton's* case in 6 Jones Rep., the first case in our Court, and the English cases there cited. I also examined the Massachusetts case, and other American cases; and since the last argument I have still further examined later English and American cases; and I think it may be regarded as settled,

First. A master may be liable to a servant for injuries received in his service from the negligence of the master.

Second. A master is liable to a servant for injuries received from the negligence of a fellow servant, if the master was negligent in selecting a bad one.

Third. He is also liable where he negligently selects bad machinery, tools, &c.

Fourth. The master is not liable to a servant for injuries received from the negligence of a fellow servant in the same employment. Who is a *fellow servant,* and what is *the same employment,* are often questions of difficulty, and depend upon the circumstances of each case.

The decision at the last term will stand, and the defendant will pay the cost of the rehearing.

PER CURIAM.                          Judgment accordingly.