PAUL W. CRUTCHFIELD v. THE RICHMOND & DANVILLE RAIL-ROAD COMPANY.

*Master and Servant—Negligence--Liability of Master--Contributory Negligence.*

1. If a servant remains in his master's employment with knowledge of defects in machinery which he is obliged to deal with in the course of his regular employment, he assumes the risks attendant upon the use of the machinery unless he has notified the master of the defects. so that they may be remedied within a reasonable time; if he sees that the defects have not been remedied, yet continues to expose himself to the danger, the master's liability ceases.
2. Where both master and servant have equal knowledge of such defects and the servant continues in the service and in the discharge of his regular duties, each party takes the risk.
3. If the servant have no knowledge of such defects, he is not thereby exempted from ordinary care and caution, and if he so far contributes to his injury by his own negligence or want of care and caution as but for such negligence the injury would not have happened, he cannot recover.
4. Where, on the trial of an action for damages against a rail-road company, for an injury received by the plaintiff while coupling cars, the Court declined to charge the jury, that "if they believed that the plaintiff knew or had reasonable grounds for believing that the engine used by defendant prior to the time of the injury complained of was not controllable by the engineer, and that the road-bed was in a dangerous condition, and the plaintiff was injured thereby then the plaintiff was guilty of contributory negligence and the defendant was not liable ; and that this was so whether the defendant knew or was ignorant of the condition of the engine or road-bed ;" *It was held*, to be error.

CIVIL ACTION, for Damages, removed from Forsythe and tried at Fall Term, 1877, of DAVIE Superior Court, before *Cox, J.*

The plaintiff was in the employ of defendant company and brought this action to recover damages for injuries received in coupling its cars. See same case, 76 N. C. 320.

CRUTCHFIELD *v.* R. & D. R. R. Co.

The defendant's counsel asked the Court to instruct the jury ; 1st.—That if they believed that plaintiff knew or had reasonable grounds for believing that the engine used by defendant prior to the time of the injury complained of was not controllable by the engineer, and that the road bed was in a dangerous condition, and the plaintiff was injured thereby, then the plaintiff was guilty of contributory negligence and the defendant was not liable ; and that this was so whether the defendant knew or was ignorant of the condition of the engine or road bed ;

2d.—If they believed that the engine was unsafe and the road bed dangerous, and the engineer and section master failed to notify defendant of the condition of the same, and the plaintiff was injured in consequence thereof, then the defendant was not liable because the injury resulted from the negligence of the co-employees of plaintiff.

The defendant excepted to His Honor's charge, in that, it was not responsive to the instructions asked. The issues submitted and the findings thereon were the same as reported in 76 N. C. 320, except that the amount of damages assessed was $6000. Judgment for plaintiff. Appeal by defendant.

*Messrs. Watson & Glenn,* for plaintiff.
*Messrs. J. M. Clement* and *J. M. McCorkle,* for defendant.

BYNUM, J. The first instruction asked for by the defendant, should have been given. It pre-supposes the negligence of the company and puts the case upon the true subject of inquiry, that is, was the injury complained of caused by this negligence, or was it incurred in consequence of the negligence of the plaintiff? There was evidence tending to show that the plaintiff had a knowledge or reasonable ground of knowledge of the defective engine and road bed.

The farthest the Courts have ever gone in such cases is this,—if the servant remains in his master's employ, with knowledge of defects in machinery he is obliged to deal with in the course of his regular employment, he assumes the risks attendant upon the use of the machinery, unless he has notified the employer of the defects, so that they may be remedied in a reasonable time. But if he sees that the defects have not been remedied, yet continues to expose himself to the danger, the employer's liability ceases. And so where both parties, the employer and the employee, have equal knowledge, and the servant continues in the service and in the discharge of his regular duties, each party takes the risk.

. But suppose the plaintiff had no knowledge of the defects in the engine and road, he is not thereby exempt from ordinary care and caution ; and if he so far contributes to his injury by his own negligence, or want of care and caution, as but for such negligence the injury would not have happened, he cannot recover. The plaintiff was a brakesman, and one of his regular duties was to couple and to uncouple the cars. Whether in the discharge of this duty at the time of the injury he acted with ordinary care and caution, was a material inquiry upon the issue as to contributory negligence. The duty of coupling cars is a dangerous duty, and those who make it their employment must have the firmness and presence of mind corresponding to the risk. The plaintiff knew that the engine was not a good one, and he admits that by standing sideways he would have been protected by the bumpers, and he further admits that he lost his presence of mind, and was injured in attempting to escape.

How his arm was crushed is not explained. If it was by the bumpers, how did it get between them ? Is the arm inserted between, or extended over the bumpers in order to couple the cars ? These were questions to be de-

cided by the jury upon the evidence of experts, or those familiar with the regulations and usages of rail-road companies, upon proper instructions from the Court.

If the plaintiff knew that the engine was defective, a greater degree of caution was imposed on him not to deviate from any of the rules and regulations prescribing the manner of coupling the cars. If the plaintiff did not know or have sufficient reason to know that the engine was defective, he is not held to the same high degree of care and caution, yet under any circumstances he must use the care and caution required by an employment not without danger at all times.

The instruction asked was, that if the plaintiff knew or had reasonable grounds to know that the engine used by the defendant was not controllable by the engineer, and that the road bed was in a dangerous condition, and the plaintiff was injured in attempting to couple the cars, he was guilty of contributory negligence and could not recover. We think the defendant was entitled to a distinct and affirmative response to the instructions asked for. While the charge of the Court was correct in the main, it can by no plain intendment be made to embrace and give the specific instructions requested by the defendant, or the substance of them.

When this case was before us at a former term of the Court (76 N. C. 320) the principal question in dispute was whether the engine was a good or bad one, and whether the defendant was responsible for an injury of one co-servant by the negligence of another, and if it is supposed that the point now insisted on was decided in that case, a careful reading of the case and opinion will show otherwise.

Assuming that the plaintiff had no knowledge of the defectiveness of the engine, and also assuming that the defendant was guilty of negligence, the question in the

case would be reduced to this ;—Did the plaintiff so far contribute to his injuries by his own negligence or want of proper care and caution, as but for such negligence or want of proper care and caution on his part, the accident would not have happened ?

*Jones* v. *Balt. & Potomac R. R. Co.*, Central Law Journal Jan'y 18, 1878; Whart. on Neg. § 229 to 243 ; *Butterfield* v. *Forrester*, 11 East. 60 ; *Bridge* v. *G. I. R. R. Co.*, 10 M. & W. 546 ; *Ince* v. *Boston Co.* 106 Mass. 149 ; 12 Q. B. 439 ; *Tuff* v. *Watman,* 5 Scott C. B. N. S. 572.

Error.

PER CURIAM.                                         *Venire de novo.*