*SAMUEL JOHNSON v. THE RICHMOND & DANVILLE RAIL-ROAD COMPANY.

*Master and Servant—Negligence—Liability of Master.*

When the plaintiff was employed as a brakeman upon defendants' railroad and was injured, while applying a brake on a train, by the breaking of

---

*Dillard, J., having been of counsel did not sit on the hearing of this case.

a rod, and on the trial below, it was found that in the original con-
struction of the rod defendant had exercised proper care; that at the
starting point of the train there was no person charged with the duty
of inspecting the machinery, &c.; that there was a defect in the rod
which rendered it unfit for use, discoverable upon an ordinarily careful
inspection but which was unknown both to plaintiff and defendant;
that plaintiff had no reasonable opportunity to make an examination
and in the exercise of ordinary prudence could not have avoided the
accident; *Held,* that all the conditions, upon which the defendant's
responsibility depended, existed, and none by which it could be remov-
ed; and that plaintiff was entitled to recover.

(*Manly* v. *R. R. Co.,* 74 N. C., 655; *Crutchfield* v. *R. R. Co.,* 76 N C., 320,
and 78 N. C., 300; *Hardy* v. *R. R. Co.,* 74 N. C., 734, and 76 N. C.,
5, cited and approved.)

CIVIL ACTION for Damages tried at Spring Term, 1879, of
GUILFORD Superior Court, before *Buxton, J.*

The plaintiff was a brakeman in the employ of the de-
fendant company, and was injured by a fall from a freight
car, caused by the breaking of the rod of a brake attached
to the car, while he was operating it. The rod was alleged
to be defective, and the plaintiff insisted that it was negli-
gence in the company in not repairing the same, thereby
causing the accident and the consequent injury.

Upon the trial the defendant asked the court to charge
the jury, that the plaintiff should have inspected the machin-
ery in his department, and it was his duty to see that the
same was sufficient; and his failure to inspect the brake, or
to use it after inspection, if found to be unsafe, is contribu-
tory negligence, and he is not entitled to recover. The
court declined to give the instruction as asked, but gave it
with the following qualification: "Provided the plaintiff
had the opportunity to inspect." The defendant then asked for
the following instruction: "If defendant in the first instance
used reasonable and ordinary care in the manufacture of
the machinery, and it became defective without notice to
defendant, the company is not liable." The court also

qualified this prayer: " Provided the defendant had compe-
tent inspectors." To both of which the defendant excepted.

. Issues submitted to the jury.

1. Did the company use proper care in furnishing the
machinery when the car was built in 1873 ?   Ans—It did.

2. Did the company have in its employment at Charlotte,
the place from which the car started on the morning of the
injury, competent inspectors whose duty it was to inspect
the machinery and pronounce it road-worthy?   Ans—No.

3. Was the defect such as to unfit it for use?   Ans—Yes.

4. Did defendant have notice of the defect?   Ans—No.

5. Could plaintiff by ordinary care have avoided the in-
jury?   Ans—No.

6. Did plaintiff know or have reasonable opportunity to
inform himself of the defect; if so, did he remain in the ser-
vice thereafter?   Ans—No.

7. Was the defect unknown to both parties?   Ans—Yes.

8. Was it such as an ordinary careful observer would not
discover?   Ans—Such an observer would have discovered
it.

9. Was plaintiff injured by reason of a defective brake
attached to defendant's car?   Ans—Yes.

10. Was plaintiff guilty of contributory negligence?
Ans—No.

11. To what damage is plaintiff entitled?   Ans—$800.

Upon the issues and findings, the defendant moved for
judgment on the ground that the special findings were such
that the court could not proceed to judgment for plaintiff.
The motion was refused, judgment for plaintiff, appeal by
defendant.                                        .

*Mr. Thomas Ruffin,* for plaintiff:

A master does not fill the full measure of his duty to his
servant simply by furnishing safe machinery at the outset.
He must see to it, either himself or through some compe-

tent agent, that it is kept secure. *Lanning* v. *N. Y. R. R. Co.,* 49 N. Y., 521. The duty of the master, as implied by the law, requires that the servant shall be under no risks from imperfect machinery, or from unskilful and incompetent fellow-servants. It is a duty of contract to be affirmatively and positively fulfilled and performed; and there is not a performance of it until there has been prepared for the servant's use perfect and adequate means, and fit and competent fellow-servants, or due care used to that end. That some agent who has been authorized to act for the master has failed to do his duty, neither shows a performance by the master, nor excuses his non-performance. It is for the master *to do* by himself or some one else, and when it is done and not until then, is his duty met, or his contract kept. In *R. R. Co.* v. *Barber,* 5 Ohio St. Rep., 541, it is held that where the defect is unknown to both parties and neither party is at fault, the master is not liable; but that if the master is at fault, he is liable, though the defect were unknown to him. And the same case decides that it is negligence in the master if he omit to employ suitable agents to keep the machinery in repair.

*Mr. J. E. Boyd,* for defendant:

It was plaintiff's duty to see that the brake was in a suitable condition for use, and defendant is not liable for injury resulting from defect in machinery in plaintiff's department. *Crutchfield* v. *R. R. Co.,* 76 N. C., 320; *Ill. R. R. Co.* v. *Jewell,* 46 Ill. Rep., 99. It is a good defence to show that the injury so far arose from the plaintiff's negligence, that he might with ordinary care have avoided the injury. Sedg. on Damages, 105. Want of ordinary care in plaintiff prevents his recovery in this action. *Rice* v. *Powell,* 44 Mo., 436; *Mercer* v. *R. R. Co.,* 23 La. Rep., 264. Company only liable where plaintiff is without fault. 5 Ohio St. Rep., 541; Redfield on Railways, 546. Actual notice of defects to mas-

ter, necessary. *McMillan* v. *R. R. Co.*, 20 Barb., 449; *R. R. Co.* v. *Thomas*, 42 Ala. Rep., 672.

SMITH, C. J. The plaintiff was employed as a brakeman on the defendant's railroad, and upon a signal from the engineer was in the act of applying the brake, when the upright rod gave way, precipitating him to the ground and inflicting the injuries for the redress of which the suit is brought.

The defect in the rod was an ancient flaw or crack extending obliquely about two-thirds into its body, and the rod at this point was insufficient to bear the strain. Issues were submitted to the jury and their findings establish the following facts: The defendant exercised proper care in the construction of the rod. There were no inspectors or officers at the place of starting, in the defendant's employ, to examine and report the condition of the machinery and cars, and ascertain if they were sound and in good order. The defect in the rod rendered it unfit for use and this was discoverable upon an inspection made with ordinary care, but it was not known to either party to exist. The plaintiff had no reasonable opportunity previous to the accident to make an examination and inform himself of the defect, and he could not in the exercise of ordinary prudence have avoided the injury.

The plaintiff's damages are assessed at $800. From the judgment rendered for the plaintiff the defendant appeals.

1. The law does not impose upon carriers of passengers the same high responsibility for an injury to one of their own employees. He and his associate servants assume the hazards incident to their employment, and as an insurance against such receive a higher compensation for their labor. If an injury to one results from the negligent conduct of another, performing different duties in running the same train, the principal is not liable therefor, if he employs and

retains persons competent and possessed of the necessary skill for the service to which they are respectively assigned. If the servant knows of defects in the machinery and remains in the service, he cannot recover for injuries caused by such defects unless he has informed his superior and the latter fails to remedy them.

It is the duty of each to examine the part of the machinery in his special charge and ascertain and report its condition, for the protection of the company and for the safety of himself and fellow-servants.    But in every case he must not by his own negligent conduct contribute to the injury, and if, by reasonable care and prudence it could have been averted, he has no remedy against his employer.    These are the general legal relations. subsisting between the servants themselves in a common undertaking which requires the co-operation of many for its successful prosecution.    They are recognized by elementary writers and in our own numerous adjudications.    *Manly* v. *R. R. Co.*, 74 N. C., 655; *Crutchfield* v. *R. R. Co.*, 76 N. C., 320, and 78 N. C., 300; *Hardy* v. *R. R. Co.*, 74 N. C., 734, and 76 N. C., 5.

2. It is the general duty of carriers of persons, its own servants as well as paying passengers, to provide suitable carriages, strong and sufficient for safe transportation and to maintain them in repair, and in order thereto to have frequent and thorough examinations made by competent men ; and if, from want of such examinations, defects are not discovered, or if discovered are not remedied, and an injury is caused thereby, the company is answerable for the consequences unless the injured party has himself failed to exercise due caution by which the accident could have been prevented.    Whart. Neg., § 628, *et seq.* and the cases cited.

In the present case all the conditions exist upon which the defendant's responsibility depends, and none by which it can be removed.    The plaintiff had no knowledge nor information, nor opportunity for examination of the defec-

tive rod, and the hazards of its continued use, and was performing his duty when it parted under the strain, and he fell.

Had the proper examination been made by the defendant and the rod repaired and strengthened, the accident would not have occurred, and hence it must be ascribed to the defendant's own dereliction of duty. The fault lies with the company, and it must bear the consequences.

3. The exceptions to the instructions of the court are substantially disposed of in what we have already said, since they are founded upon the same misconceptions of the law which induced the defendant's motion for judgment against the plaintiff, notwithstanding the findings of the jury.

No error. Affirmed.