HENRY COWLES v. RICHMOND & DANVILLE RAILROAD COMPANY.

*Negligence—Damages—Master and Servant.*

1. An action for damages for an injury received by the plaintiff employee of a railroad company, will not lie against the company if it resulted from the negligence of a fellow-servant occupying the same level with the plaintiff, where the company used due care in the selection of such fellow-servant. But such action will lie, if the injury resulted from the negligence of a servant whose commands the plaintiff was bound to obey.

2. A master is bound to furnish his servant with such appliances for his work as are suitable and may be used with safety; and this, by implication of the law, is a stipulation in every contract for service; and if the servant is injured by reason of defective appliances placed in his hands by the master or his agent, the master is liable in damages, unless he can clearly show, (1) that he has used due care in the selection and preservation of the same, or (2) that the servant had knowledge of the defect and failed to notify the master, or (3) that the injury resulted from contributory negligence.

(*Honeycutt v. Angel,* 4 Dev. & Bat., 306; *Crutchfield's* case, 78 N. C., 300; *Johnson v. R. R. Co.,* 81 N. C., 453, cited and approved.)

CIVIL ACTION for damages tried at August Special Term, 1880, of ROWAN Superior Court, before *McKoy, J.*

Judgment for plaintiff, appeal by defendant.

Mr. J. S. Henderson, for plaintiff.
Mr. J. M. McCorkle, for defendant.

RUFFIN, J. The plaintiff alleges that he was a brakes-man on the defendant's road, and that he was injured by having his foot·and ankle crushed while in its service and by reason of its negligence. On the trial he testified that he was under the immediate direction and order of one Garrison, who was the engineer and conductor of the defendant's freight train, and on the occasion of the injuries received was ordered by him to go upon a certain car and apply the brake, so as to prevent a clash between that car and another; that he went upon the car, and while executing the order given him was injured in the manner complained of, by a collision of the two cars, which collision resulted from the fact that the cars were so constructed that their " bumpers " did not correspond or fit to one another as they should have done in order to prevent the cars coming in too close contact, which defect was unknown to the plaintiff, and but for which he would not have been injured.

The defendant's counsel asked the judge to instruct the jury that if they believed that plaintiff was injured in consequence of the negligence and unskillfulness of the engineer, Garrison, then, he could not recover, which the court declined to do; but told them that the plaintiff did not complain that his injuries resulted from the negligence and unskillfulness of the engineer; that the point for them to consider was whether the plaintiff was injured by reason of the defendant's negligence and without default on his part; that it was defendant's duty to furnish safe cars, supplied with the necessary machinery and appliances to render them secure, and if the jury believed that it had failed in this and thereby the plaintiff had been injured, without any neglect or want of skill on his part, then, they should find the issues submitted in favor of the plaintiff without regard to the conduct of the engineer; but if they should believe that the defendant had furnished safely constructed and appointed cars, or that the plaintiff had contributed by his

COWLES *v.* R. R. Co.

negligence to his own injury, then they should find for the defendant, to which the defendant excepted.

The only issue submitted to the jury was, " Did the plaintiff, while in defendant's employment, receive the injuries complained of, by reason of defendant company having carelessly and negligently provided and used unsafe and defective cars or ' bumpers,' and without the fault of the plaintiff"? to which the jury responded in the affirmative.

The defendant's exception as argued before us, does not go to any portion of His Honor's charge as given, but only to his refusal to give that specially asked for ; and the purpose of counsel in making the request is admitted to have been to bring the case within the rule, so much discussed of late by elementary writers, and so often, and in some instances so variously announced by the courts, which declares that a servant who has sustained injuries by reason of the negligence of a fellow-servant in the same employment cannot maintain an action against the master, provided the latter has used due care in the selection of such fellow-servant. He should have been careful then to see that more evidence was put into the case than is to be found there, going to show the respective duties, powers and conduct of the two servants, and especially their relations to each other—whether they were strictly fellow-servants occupying the same level, or whether the engineer was a superior whose commands the plaintiff was bound to obey ; for in making an application of the rule, a knowledge of all these matters is absolutely necessary.

In entering the service of the defendant, the plaintiff might be and is presumed to understand and take upon himself every risk naturally pertaining to such service ; and amongst others, that which may proceed from the possible carelessness of such fellow-servants as he must know, from the very nature of the employment, he may be required to associate with in the performance of his duties. But no

such presumption is or should be raised, of his willingness to assume the risk growing out of the possible negligence of one, who while a servant to their common master, stands to himself in the light of a superior whose commands and directions he is bound to obey; for so to hold, in the case of a corporation, like this defendant, which can only operate through its agents and employees, would be to absolve it from all responsibility to those in its employment.

If we may infer from the meagre statement of the evidence given in the case, that the defendant's engineer stood to the plaintiff as one in authority, his case would be withdrawn from the operation of the rule; and on the other hand if it should be said that the evidence as stated is not sufficient to establish the superior authority of the engineer, we cannot see that the defendant's condition is at all improved. The verdict of the jury acquits the plaintiff of all blame and convicts the defendant of negligence; and the burden of showing an error rests upon the defendant who takes the appeal. Every presumption must be made in favor of a verdict, and as said in the case of *Honeycutt* v. *Angel*, 4 Dev. & Bat., 306, it is deemed to be right unless the record sets out so much of the proceedings at the trial below as will show affirmatively that there was an error committed. If, therefore, any other facts than those set out in the record are needed to support the plaintiff's claim against the defendant, we are bound to assume that they were proved on the trial. And the same principle applies with all its force to the judge's charge; we must suppose it to be correct, until so much is developed in the case as to show that it was certainly erroneous.

But we do not care to place our decision upon any such restricted ground as this; for we do not hesitate to say that upon the facts as stated in the record and supposing them to constitute the whole case, we are of the opinion that His

Honor's charge was correct and the verdict of the jury a rightful one.

Every person who admits another into his employment, whereby he constitutes him his servant, is bound to furnish and maintain such instruments as are suitable to his work and may be used with safety to the person employed. The law, by an implication of its own, makes such a stipulation a part of every contract for service, and in proportion as the employment is hazardous, so is the rigid enforcement of the master's duty. Nor is there any injustice to the master in this. He can if diligent and prudent procure such implements as are fit for the servant's use and by a reasonable oversight he can keep them so, while the servant is, most generally, without the ability or opportunity to detect or remedy their defects. It follows that whenever a servant, whose own conduct has been blameless, sustains an injury by reason of defects in an implement put into his hands by the master or his agents to be used in the prosecution of his work, a responsibility must attach to the master. It is true he may free himself of this responsibility to his servant by showing that he has been at all times diligent and circumspect as well in the choice of his associates as in the selection and preservation of the implements to be used by him. Or as in *Crutchfield's* case, 78 N. C., 300, he may show that his servant after having a knowledge of the defects in the machinery given him to work with, continued its use without giving notice so that they might be remedied. Or again, as said by the present chief justice in *Johnson* v. *R. R. Co.*, 81 N. C., 453, he may show that notwithstanding the existence of the defects in the machinery, no injury would have happened but for the negligence of the servant himself. But it is not sufficient for him to show, as this defendant has undertaken to do, that his servant's hurt *may* have proceeded from some one of these various excusing causes. He must show that it *did* do so.

The duty of a master to his servant and the responsibility growing out of it have very recently been discussed by the supreme court of the United States in the case of *Hough* v. *The Railway Company,* 100 U. S. Rep., 213, and again by the supreme court of the State of Missouri in the case of *Gibson* v. *The Pacific Railway Co.,* 46 Mo. Rep., 163, and this last case has been treated by Thompson in his work on Negligence as a leading one on those subjects, and we think that our conclusions in this case are in accord with the principles enunciated in those cases.

We therefore hold that there is no error in the judgment of the court below and that the same must be affirmed.

No error.                                              Affirmed.