## JOHN CORNWALL v. THE CHARLOTTE, COLUMBIA AND AUGUSTA RAILROAD COMPANY.

### *Contributory Negligence.*

1. Although a servant be injured by the negligence of his master, yet if he could by reasonable care and prudence have averted the accident, and the injury can be traced to his own negligence as well as that of the defendant, he cannot recover.

2. Although a servant is ordered by his superior to perform a dangerous duty, this does not relieve him of the duty of avoiding any particular danger incident to carrying out the order.

3. In order to bar a recovery, the contributory negligence of the plaintiff must have been a proximate cause of the injury complained of.

4. Where the plaintiff, in obedience to the orders of his superior, attempted to get upon the pilot of a moving locomotive, and in doing so, his clothes were caught in the splinters on a worn rail; *It was held,* even if the master was negligent in not repairing the rail, yet it was the duty of the servant to use reasonable care, and it was error in the trial Judge to charge the jury that if the plaintiff was ignorant of the condition of the rail, and got on the engine in obedience to the order, that he was entitled to recover.

(*Johnson* v. *The Railroad,* 81 N. C., 453; *Doggett* v. *The Railroad,* 78 N. C., 305; *Owens* v. *The Railroad,* 88 N. C., 502; cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* and a jury, at Spring Term, 1886, of MECKLENBURG Superior Court.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

The facts fully appear in the opinion.

*Mr. W. P. Bynum,* for the plaintiff.
*Mr. George E. Wilson* filed a brief, for the defendant.

SMITH, C. J. The plaintiff, while in the service of the defendant, as brakeman on one of its freight trains, was

directed by the conductor, when the train on which he was employed reached the station known as Pineville, to cut loose the engine and change the switch at the side-track, after doing which, in the effort to get on the pilot—or, as it is usually called, the " cow-catcher "—his pants became entangled with some iron splinters worn off the rail and projecting a few inches from it, which caused him to fall, and his hand was crushed by one of the truck wheels, rendering amputation necessary. To obtain compensation for this injury, the present action has been instituted.

. The plaintiff testifies, that the conductor had given him general directions that in shifting trains at stations, he should ride back and forth on the engine, so as to be always at his post; and later in the examination, he adds that the order was, " to jump on and ride that way," meaning, as we suppose, upon the pilot.

A witness for the plaintiff there residing, saw the plaintiff run from the switch and attempt to jump upon the pilot of the engine whilst it was in motion, when he fell and sustained the injury mentioned. The plaintiff, while he had been thus employed for several years, had not before seen these frayed projecting pieces of iron, nor does the defect in the rail appear to have been called to the attention of the proper officers of the company, as involving possible danger, and the need of reparation. The conductor for the defendant, testifies to the contrary about giving such order to the plaintiff, and both he, the engineer and the fireman, after describing so much as each saw of the accident, give a somewhat different version of the occurrence, and of the plaintiff's action that immediately preceded it, as obtained from the plaintiff's own account of it, in answer to inquiries made as soon as he was known to be hurt. It was also shown from a book of the company, containing rules and regulations for the transportation department of its service, which are in minute detail, for the guidance of its officers, agents and

employés, that "no person besides the engineer and fireman will be permitted to ride on the engine or tender, without a written order from the superintendent or master of trains," except, &c., not changing the prohibition so far as it affects the plaintiff.

An instruction was asked for the defendant, and refused, to this effect:

"If the jury believe from the testimony, that the accident was caused by the plaintiff's attempting to get upon the pilot of the engine while the same was in motion, he cannot recover," the last sentence being understood to mean, that the finding should be, upon the second issue of contributory negligence, in favor of the defendant. The instruction embodies the proposition, that in such case, the plaintiff being the direct cause of the accident, could have no claim on the defendant for remuneration. It is manifest that the rash and inconsiderate act of attempting to get on the pilot of a moving engine, was the immediate and direct cause of the injury, however much of blame may be put on the defendant for its antecedent neglect to replace the defective rail with a better one. Assuming, then, the negligence of the company in permitting this rail to remain in such condition, it does not relieve the plaintiff from exercising that care and attention which his own safety would suggest, for avoiding the consequences of the defendant's negligence. The correct rule is thus laid down in *Johnson* v. *Railroad Co.*, 81 N. C., 453: "But in every case, he (the servant) must not by his own negligent conduct contribute to the injury, and if by reasonable care and prudence it could have been averted, he has no remedy against his employer." The doctrine rests upon sound reasoning, and is supported by numerous references to cases decided by this Court. Now, was not the plaintiff not only negligent, but engaged in committing a rash act, when he essayed under the circumstances, to get upon the pilot, and should he not have been observant of

the condition of the frayed rail at the place where he essayed to mount it, before making the hazardous effort? If the evidence warranted the finding of the facts as hypothetically set out in the instruction, the jury should have been so charged, and there is error in refusing to give it.

The third instruction given, instead of that asked, and intended as a substitute, is in these words: "If the defendant company allowed a rail next to the switch to become splintered, and the splinters extended so far, and were of such strength as to catch in the clothing of the plaintiff, and prevent him from getting on the train or engine, then the defendant was guilty of negligence, and if the plaintiff's injury was caused by such splinters catching in his clothing, and the plaintiff did not previously know the condition of the iron, the jury would respond to the first issue—yes."

After declaring that the burden of showing that the injury resulted from the defendant's negligence, the Court proceeded to charge:

"It appearing from the testimony offered by the plaintiff, that he fell in attempting to mount upon the cow-catcher or pilot of an engine in motion, the plaintiff was negligent, and his negligence was one of the immediate causes of the injury he sustained, and the jury will find in response to the second issue in the negative, unless the conductor of the train, having authority to control the plaintiff as brakeman, ordered the plaintiff to ride on the pilot from the switch to the depot where cars were shifted to the side-track."

But he added, in substance, that if without knowing the condition of the track, he acted in obedience to an order which the conductor had the right to give, the response to the issue should be in favor of the plaintiff.

Now, it appears from the plaintiff's testimony only, that such general direction was given him by the conductor, and no special direction to this effect was given at this time or place, and it did not therefore dispense with proper vigilance

and care on his part in carrying out the command. It was not less the plaintiff's duty to see and avoid any particular dangers incident to obedience. He was to see to his own safety, and not recklessly act in disregard of the time and place in getting upon the engine. No reason is suggested why he did not select some other place, where there were no such splinters, and where this peril would have been avoided. We think the jury should have been told, that the plaintiff was bound, even when executing the order, to use reasonable precautions for his own security; and if the attempt was not only without the exercise of them, but approximating a reckless indifference to his own safety, to which the orders of his superiors cannot extend, he, and not the defendant, in a legal sense, would be responsible for the consequences. As is said in *Doggett* v. *Railroad,* 78 N. C., 305 : " If the plaintiff's negligence contributed directly to the injury, it is well settled that he cannot recover." " The negligence of the plaintiff," adopting the language of a recent author, " in order to bar a recovery, must have been a proximate cause of the injury complained of "; Thomps. Neg., page 1157, §8 ; page 1151, §5. See also, *Owens* v. *Railroad,* 88 N. C., 502.

We have not considered the effect upon the defendant's liability of the relations between the conductor and the plaintiff, and whether they are fellow-servants of a common principal, within the meaning of the rule that exonerates him or it, about which the decisions are conflicting, but upon the broader ground on which a stranger would stand.

We are of opinion that there is error in the rulings of the Court, and that the defendant is entitled to a new trial.

Error.                                                    Reversed.