PICKETT LEAK v. CAROLINA CENTRAL RAILROAD CO.

(Decided April 11, 1899).

*Employer and Employee—Reasonable Care Required of
    Both—Negligence—Contributory Negligence.*

1. It is the duty of a railroad company to have a "foreign car" as
   well as its own property inspected before using it for either
   passengers or employees—its liability for defects causing in-
   jury to either is the same in both cases.

2. Both employer and employee are bound to use reasonable care
   —such care as a prudent man would ordinarily use under
   similar circumstances, and it is usually a mixed question of
   law and fact to be determined by the jury under proper in-
   structions from the Court.

3. A charge, "That the law imposes upon the employer the duty of
   exercising greater care of protecting the employee from in-
   jury due to the defective condition of appliances than is re-
   quired of the employee in guarding against accident" is too
   general and calculated to mislead the jury.

4. Where an employee, hastily mounting a freight car in the per-
   formance of duties required of him, had no time or oppor-
   tunity to inspect the stirrup before putting his foot on it,
   he was not guilty of contributory negligence unless it had
   been palpably defective, as broken and hanging down.

CIVIL ACTION for damages for personal injuries sustained
by alleged negligence of defendant, tried before *Greene, J.,*
at March Term, 1898, of MECKLENBURG Superior Court.

The complaint alleged that the plaintiff was a car coupler
and switchman in the service of the defendant on September
10, 1896, and was instructed by the engineer in charge of the
switch engine, under whose orders he was, to open a switch
connecting two tracks in the yard of the passenger depot, in
Charlotte, for the purpose of taking certain cars from the

main track to a side track, and that he was also instructed by him to get on the first car of the train that moved over the switch, and while it was moving; that he opened the switch, and when the first car came over the switch, as instructed, attempted to get aboard the same, and to enable him to do so placed his left foot upon the stirrup at the end of the car and caught hold of the handles fixed above the stirrup, or iron step; that when his weight was put upon the stirrup, owing to its negligent and faulty construction, it gave way or yielded to the pressure, so that his foot slipped from the same on to the track, in front of a moving wheel of the car, and was so greatly mashed and mangled that all his toes except the great toe had to be amputated.

The answer denied negligence on the part of the defendant and alleges contributory negligence on the part of the plaintiff. In regard to the condition of the stirrup or step alleged b ythe plaintiff to be out of order, the answer says if it was defective, the plaintiff negligently failed to discover said defect and failed to exercise due and proper care in the use of the said stirrup, when the exercise of due care on his part would have prevented any injury to him; and further, that plaintiff carelessly and negligently stepped upon the stirrup in such a manner as to cause him to slip therefrom and to receive the injury of which he complains.

The evidence was conflicting. That of the plaintiff tended to prove that the plaintiff, acting under orders, went to change a switch to put in a car; he changed the switch and the engine was coming back, and he went to get on the car, and the stirrup was loose, and he got hold and went to jump up and it swung under the car and let his foot down on the track and it was crushed under the wheel. The car was a coal car not belonging to this road; had been run in the depot the day before, and this was the first time plaintiff had anything to do with it.

The evidence of defendant tended to prove that this particular car had been carefully inspected by a competent car inspector and that it was found in good condition, stirrup and all, previous to injury.

A special instruction asked for by plaintiff and given by the Court is stated in the opinion. The defendant excepted. The issues and responses are as follows:

1. Was the plaintiff injured by the negligence of defendant? Answer. Yes.

2. Did plaintiff contribute to his injury by his negligence? Answer. No.

3. What are plaintiff's damages? Answer. $600.

Judgment accordingly and appeal by defendant.

*Messrs. Burwell, Walker & Cansler,* for appellant.
*Messrs. Jones & Tillett,* for plaintiff.

DOUGLAS, *J.* The plaintiff was a brakeman and switchman, and his contention is that, in attempting in the discharge of his duties to get on the car while in slow motion, the "stirrup" under the corner of the car, provided for his use, was defective, and when he put his foot upon it, gave way, precipitating him on the rail whereby his foot was crushed by the car wheel. The Court properly instructed the jury that the fact that this was a "foreign" car (*i. e.* a car belonging on another road) was no defence, for it was the defendant's duty to have such car as well as its own inspected before using it for passengers or employees, and its liability for defects is the same in both cases. *Mason v. Railroad,* 111 N. C., 482; *Miller v. Railroad,* 99 N. Y., 657; *Jones v. Railroad,* 92 N. Y., 628. Indeed the plaintiff could sue both companies (*Railroad v. Snider,* 60 Am. State Rep., 700), and if it was the fault of the first company

the latter could recover against it. *Moore v. Railroad,* 24 Am. State Rep., 194. In *Johnson v. Railroad,* 81 N. C., 453, where a brakeman was injured by the breaking of the rod from a defect discoverable upon an ordinarily careful inspection, but which was unknown both to plaintiff and defendant, and the plaintiff had no reasonable opportunity for inspection, it was held that the defendant was liable because it had failed to have the rod inspected. Here, the plaintiff, hastily mounting the car in the performance of the duties required of him, had no time or opportunity to inspect the stirrup before putting his foot on it, and was not liable for contributory negligence unless it had been palpably defective, as broken and hanging down.

But we think that the third prayer for instruction given by the Court at the request of the plaintiff, was too general in its terms and therefore liable to mislead the jury. It is as follows: "That the law imposes upon the employer the duty of exercising greater care of protecting the employee from injury due to the defective condition of appliances than is required of the employee in guarding against accident." This may or may not be true, according to circumstances. The true rule is that both are bound to use reasonable care —such care as a prudent man would ordinarily use under similar circumstances; and the relative degree of care required depends upon a consideration of all the circumstances surrounding the respective parties. This is nearly always a mixed question of law and fact to be determined by the jury under proper instructions from the Court.

For this error in the charge of his Honor, a new trial must be ordered.

New trial.