CLARK, J., dissenting.
It seems that plaintiff was in the employment of defendant, a corporation, in November or December, 1899, when he was seriously injured by the machinery in the defendant's dry-house, and brings this action for damages. It appears that there is what is called the dryer, about 18 feet wide, 7 feet high, and 120 feet long, in a large building. This dryer has a number of cross-beams on top of it, and the process of drying seems to be done by means of fans operated by machinery, consisting of shafting, cog-wheels, belt-wheels and (35) belting. The motive power for operating this machinery was electricity, conveyed to it from a battery across the street. The *Page 25 
plaintiff was injured by having his pants-leg caught in the cog-wheel on top of the dryer. The cog-wheel is placed on top of the dryer, only some six or eight inches above it, and was not boxed or covered. The plaintiff, in attempting to adjust one of the belts for the purpose of starting the fan that had stopped, stumped his toe against one of the cross-beams, or in some way stumbled, lost his balance and fell, and his clothing, as described above, caught in the cog-wheel and he was injured.
The plaintiff was a machinist, knew all about this machinery, helped put it up, was then employed to operate, keep in order and run the same. The plaintiff alleges that it was negligent in defendant not to box or hurdle this cog-wheel, and that negligence was the cause of his injury.
These are substantially the facts of the case, as shown by the testimony of the plaintiff himself, and he introduced no evidence more favorable to his right to recover than his own. The defendant offered no evidence, and the court intimating the opinion that the plaintiff could not recover, taking his evidence to be true, the plaintiff submitted to a nonsuit and appealed.
It is difficult to see the defendant's negligence, and that the negligence of the defendant was the proximate cause of the plaintiff's injury, if it can be held that there was negligence. It might have been safer if this cog-wheel had been hurdled, and, if it had been, it may be that the plaintiff would not have been injured. But it can hardly be negligence — negligence per se — in the defendant not to have hurdled such a wheel placed on top of the dryer seven feet above the floor of the building, and where no one would have anything to do with it but the machinist in charge, employed to keep it in order and to run it. (36) It seems to us that a man of ordinary prudence would not have done more than the defendant did. But to our minds there is another reason why the plaintiff can not recover, about which there seems to be no doubt.
The plaintiff is a machinist, was employed to assist in putting up this machinery, and did assist in putting it up; says that those engaged in putting it up did not know how to do it. And after it was put up, the defendant employed him to run and keep it in order. He knew everything about it — more, probably, than any one else; after having thisknowledge, he entered into this contract with the defendant, and, in doing so, he assumed the risks incident to such employment. There was no hidden or unknown defect — unknown to the plaintiff — about this machinery. This being so, he cannot recover. Crutchfield v. R. R.,78 N.C. 300; Johnson v. R. R., 81 N.C. 458; Cowles v.R. R., 84 N.C. 309; 37 Am. Rep., 620; Hudson v. R. R.,104 N.C. 491; Pleasants v. R. R., 95 N.C. 195; Coley v.R. R., 128 N.C. 534, and S. c., on rehearing, 129 N.C. 407. *Page 26 
This doctrine, we think, is well settled in this State, as well as in many other jurisdictions, where there is no dispute but what the party knew all about the machinery and its defects (if any) before he contracted and entered upon his work, he assumes the risk and can not recover. In this case there is no dispute about this; the plaintiff admits that he knew all about it; and there is no evidence that the defendant was informed of any defect and promised to remedy it. Indeed, there is no evidence that the defendant knew of any defect.
 The defendant not being a railroad, the act of 1897, ch. 56, Private Laws, does not apply to this case.
(37) There was one exception to the ruling of the court upon the evidence. The plaintiff wanted to prove that the cog-wheel had been moved higher on the shafting since the injury. This evidence was objected to and ruled out by the court. There was no error in this ruling, as it has been repeatedly so held.
As we find no error in the judgment of the court below, it is
Affirmed.