ABNER GUNTER v. JOHN WICKER and others.

*Damages—Contributory Negligence.*

Notwithstanding the previous negligence of the plaintiff, if at the time when the injury was committed, it might have been avoided by the exercise of reasonable care and prudence on the part of the defendant, an action will lie'for damages.

(*Doggett* v. *R. R. Co.*, 78 N. C., 305, cited and approved.)

CIVIL ACTION for damages, tried at Fall Term, 1880, of CHATHAM Superior Court, before *Eure, J.*

Verdict and judgment 'for plaintiff, appeal by defendants.

*Mr. John Manning,* for plaintiff.
*Mr. John M. Moring,* for defendants.

SMITH, C. J. The plaintiff, employed as foreman in running the steam saw mill of the defendants, and who had been in their service for five months, among other duties assigned, was required to oil the machinery after cutting up the third log, and also of every one thousand shingles made. The defendant Wicker, one of the partnership proprietors and the general manager of the business under whose control the plaintiff worked, was personally attending to the sawing. The third log had been cut and the machinery stopped, when the plaintiff as he was accustomed to do, and had before done with defendant's knowledge and without objection or caution from the latter, entered into the fly wheel, for greater convenience in doing his work, and was in the act of oiling the machinery when the defendant without notice or warning turned on steam and set the mill in motion, by means whereof the plaintiff sustained personal injury for which the action is brought. If the engine had been put upon a dead centre, it could only have been

started by applying a direct lever force, and the plaintiff's position in the fly wheel would have been entirely safe, and the turning on of steam would have been unattended with damage. There was some conflict in the testimony of the parties, but the verdict upon the issues presupposes the substantial facts recited.

The exceptions we are required to consider are to an instruction asked and refused, and to that given in response to the defendants' request. The court was asked to charge the jury if they believe the plaintiff knew how to secure his absolute safety by putting the fly wheel upon a dead center, and if he could easily and quietly do so, and neglected thus to secure his own safety, his failure to do so amounted to such contributory negligence as to debar a recovery. Instead of this, the jury were directed that if the plaintiff was instructed to arrest the motion of the machinery on a dead center, when the oiling was to be done, or if such was the custom of the mill, and the plaintiff neglected to do so, his failure would be contributory negligence, and the verdict should be for the defendants.

The other instructions as to the liability of the principal for an injury suffered by one from the negligence of the other co-servants and co-employees, acting under one common superior, have no application, since the damages result from negligence imputed to the proprietor and manager, to whom the plaintiff was subordinate.

We think the jury were properly guided in the directions under which their verdict was rendered.

While there is great difficulty in extracting from the numerous adjudications of the courts any clear and distinct principle or formula, determining when the co-operating agency of the plaintiff so directly contributes to the result, as to deprive him of remedy against the other party to whose negligence the injury is attributable, we have not much difficulty in passing upon the question of the defendant's

responsibility in the present case. The rule is thus laid down by a recent author: "Notwithstanding the previous negligence of the plaintiff, if at the time when the injury was committed, it might have been avoided by the exercise of reasonable care and prudence on the part of the defendant an action will lie for damages." *Davis* v. *Mann*, 10 M. and W. (Exc.), 545.

' The negligence of the plaintiff, in order to bar a recovery, must have been a proximate cause of the injury complained of." Thomp. Neg., 1157, §8; 1151, §5.

Again the rule is thus declared by this court: "If the plaintiff's negligence contributed directly to the injury, it is well settled that he cannot recover; but it is equally well settled that when he is remotely and unconsciously negligent, he is entitled to redress for all injuries inflicted by another, when by the latter the injuries could have been avoided by reasonable diligence." *Doggett* v. *R. & D. R. R. Co.*, 78 N. C., 305.

There must be what is sometimes called a "*casual connection*" between the neglects of the parties, which concurring at the time produce the injury, to exempt the defendant from the consequences of his own." Whart. Neg., §302.

Let us apply the rule to the facts of the present case. Whatever want of care for his own safety the plaintiff may have manifested in occupying a place of peril in the wheel while doing his work, no harm would have come to him but for the hasty and inconsiderate act of the defendant in starting the mill without signal, warning, or himself looking to see, as he could have done, whether the oiling, then to be done, was finished, and the plaintiff had retired from his position. This care and attention would have prevented the accident, and to their absence it must be attributed. The place of peril assumed by the plaintiff in doing his work (and his habit was known to the defendant) not only did not excuse the defendant, but imposed upon him greater

diligence and a higher duty in examining to see if the way was clear for a resumption of the sawing. (The plaintiff's exposure of his person was not a cause, but a condition which rendered the injury possible and actual, as the result of the absence of the caution which was imposed upon the defendant in consequence.)

There is no error, and the judgment must be affirmed.

No error.                                        Affirmed.