ZACH. TAYLOR v. THE RICHMOND AND DANVILLE RAIL-
ROAD COMPANY.

*Contributory Negligence.*

Plaintiff was a laborer in defendant's employment, and, at the time he received the injuries for which he sued, was riding in a "shanty-car," having doors on each side, attached to a material train, which was moving at a high rate of speed over a new and crooked road-bed. He was well acquainted with the character and location of the road. Becoming uneasy, the plaintiff left his position at the end of the car and went to the centre, where there was a stove. One of the doors was open, and, as the plaintiff attempted to pass between it and the stove, the train passed a curve and he was thrown out and injured. His purpose in approaching the door was to be in a situation to jump, in case of emergency. There was evidence that he could have reached the spot safely by passing on the other side of the stove by the closed door: *Held*, the plaintiff was guilty of contributory negligence, and was not entitled to recover.

CIVIL ACTION, tried at April Term, 1891, of WAYNE Superior Court, before *Winston, J.*

This action was brought to recover damages occasioned by the alleged negligence of the defendant. The latter, in its answer, denies the material allegations of the complaint, and alleges contributory negligence on the part of the plaintiff, which directly brought about the injuries complained of.

The Court submitted the following issues to the jury—

"1. Was the plaintiff injured by the negligence of the defendant? 2. Was the plaintiff guilty of contributory negligence? 3. What damage, if any, is the plaintiff entitled to recover?" To the first of these issues, the jury responded "No;" there was no response to the second and third.

On the trial, the plaintiff was examined as a witness in his own behalf, and testified as follows: "I was injured on the railroad from Winston to Wilkesboro, in October, 1890. I had been working for defendant since July 7th, 1890, and had been a railroad hand for seven years. I do not know the rate of speed of the train on which I was at the time, but it was very fast, faster than the mail train runs—looked like the world was turning round. It was an awful crooked road, not one-half mile of it straight; it ran with the Yadkin river; it was a mountainous, hilly country, and it was a new road. The track was pretty rough. I was thrown off the train. The train went to Elkin and laid over; there was a side-track there long enough to hold the train, but the conductor came out and we went on. The train ran fast; it was a material train, made up of flat-cars and a *shanty-car;* I was employed on the train as a laborer; I was at the rear end of the shanty-car, near my bunk, on the inside of the car; I got scared and uneasy, and came to stove in middle of car; there were two other men in the car sitting on seats, blocks of wood, on either side of the door, which was open. The door was on the side of the car; the right-hand man got up and I went to take his seat, and as I raised my foot, the train made a swift curve and switched me out of the door. I moved from the end of the car because I was afraid; and if she jumped the track, I could jump out; I thought it would turn over, because the road was rough, crooked and the train running fast; I was flung down a fill in the weeds and stunned for a few minutes, broke my arm and hurt me inside—hurt me for life-time, I think. Two doors to shanty,

one on each side, window in each end of car; one door was open and the other closed; flat-cars were in front of the shanty-car."

On cross-examination, the witness said: "I had been over that road often; knew it was pretty rough and had short curves; had been over that curve often and knew it well; was sitting between the bunks on block of wood, near rear of car; Nelson Smith and Martin Holt were in the car with me; the left-hand door was partly open, and they were sitting on blocks of wood near the door; blocks were not fastened; I went to the open door to get out, if she slacked up; Martin Holt got up from his seat; Nelson Smith did not get up; there was a stove in the middle of the car between the doors; I went to take Martin Holt's seat; went on side of stove next to open door—right-hand door was shut; I tried to get hold of the stove-pipe as I was falling; I could have gone by the closed door and reached the block if I had thought of it; that was the safest way, and if I had thought it was going to jerk, I would have done it; the train came back and took me up. I did not tell Dr. Dalton at the depot in Winston, on October 29th, 1890, that the train was running twenty-five miles an hour." There was other evidence that need not be reported.

There were divers exceptions to the instructions the Court gave and others it refused to give at the instance of the plaintiff. These need not be reported, for reasons stated in the opinion of the Court. There was judgment for the defendant, and the plaintiff appealed to this Court.

*Messrs. W. C. Munroe* and *W. R. Allen*, for plaintiff.
*Mr. F. H. Busbee*, for defendant.

MERRIMON, C. J.: When the plaintiff brings his action to recover damages for injuries sustained by him, occasioned by the alleged negligence of the defendant, he cannot recover if

the defendant alleges and proves contributory negligence on the part of the plaintiff, which was the direct proximate cause of such injuries. To make such defence effective it must appear that the negligence of the plaintiff was concurrent with that of the defendant and directly contributed to the injuries complained of. The contributory negligence is direct, proximate, when the concurrent negligence of the parties respectively at once produce such injuries. *Doggett* v. *Railroad,* 78 N. C., 305; *Gunter* v. *Wicker,* 85 N. C., 310; *Farmer* v. *Railroad,* 88 N. C., 564; *Troy* v. *Railroad,* 99 N. C., 298.

Now, accepting the evidence of the plaintiff and all the evidence produced on the trial favorable to him as true, and granting, for the present purpose, that the defendant was negligent, as alleged in the complaint, we are of opinion that he is not entitled to recover. He was himself negligent, and his negligence contributed directly and proximately to the injuries of which he complains. He was an experienced railroad laborer, was familiar with the defendant's road, had been a laborer on it for several months, had frequently passed over it, knew it was new and rough and had many short curves. At the time of the accident in question, he was on a material train which was running very rapidly; he was in the rear of the "shanty-car." It was a closed car, having an opening (a large one) on each side of it, one of them was closed and the other was open. A person standing unsupported in front of that opening would be very subject to be thrown out by a sudden jerk or rocking motion of the car, while the train of which it was part was running rapidly over the rough and crooked road. This was obvious to any person of ordinary intelligence, and especially to one familiar with railroads and moving trains, as was the plaintiff. Nevertheless, the plaintiff left the rear of the car, where he was seated and protected, and walked towards the stove located in the center of the car and between it and the open

door on the side of the car, the space between being about two or three feet; he did not support himself by holding fast with his hands to anything, or otherwise he might safely have passed between the stove and the closed door; he did not do so, he was unnecessarily passing the plainly perilous place without any support or protection, when he might have avoided it, and as he raised his foot, moving towards a seat he intended to reach and occupy, "the train made a swift curve and 'switched' him out of the door." As a consequence he was stunned and his arm broken. It was gross negligence on his part thus to expose himself to imminent peril. He, thereby, clearly contributed directly to the injuries he sustained, and must suffer the misfortune he so helped to bring upon himself. This is a much stronger case against the plaintiff than that of *Smith* v. *Railroad,* 99 N. C., 241, in which the plaintiff was held to have contributed to his injury.

The appellant's counsel insisted on the argument that the plaintiff was not chargeable with contributory negligence, because he was frightened and moved by fear of impending danger to go to the open door so, that in case of emergency, he might jump off the car. It is not necessary to determine or inquire here to what extent sudden fright or well grounded fear, occasioned by the negligence of the defendant, might, in possible cases, relieve or excuse a party as to contributory negligence. In this case the plaintiff did not, through fear, jump or attempt to jump off the car; he did not intend to do so unless in case of emergency. He was only apprehensive of danger and intended to be where he could promptly get off the car, if need be. In so doing he was careless and grossly negligent. Instead of going the safer way, as he admitted he might, and would have done if he had been more circumspect, he attempted to pass, without support or protection, almost immediately in front of the open door, a place, under the circumstances, of much danger. The mere fact that a person is alarmed and seeks to place himself where

he may the more readily relieve himself from danger, does not excuse him from reasonable care and prudence in his efforts to do so.

It is unnecessary to consider and pass upon the several assignments of error, because, as we have said before, granting that the defendant was negligent, as alleged in the complaint, and accepting all the evidence favorable to the plaintiff as true, the latter could not recover, inasmuch as he contributed directly by his own negligence to the injuries he sustained. This Court sees that, according to the plaintiff's own showing, he is not entitled to judgment; that the Court properly entered judgment for the defendant. The plaintiff cannot, therefore, be heard to complain that the Court possibly erred in some respect in the course of reaching a proper conclusion, and entering judgment accordingly.

Judgment affirmed.