The court submitted the following issues:
1. Was the plaintiff, William Allen, injured by the negligence of the defendant?
2. Did the plaintiff, William Allen, contribute to his injury by his own negligence?
3. What amount, if any, has plaintiff been damaged?
The jury answered the first issue "Yes," and the second issue "Yes."
From the judgment that the defendant go without day, the plaintiff appealed.
Upon the trial the plaintiff tendered the issues submitted, and also another issue, as follows: "If the plaintiff contributed to his own injury, could the defendant have avoided the injury by due care?" The refusal of the court to submit this issue is strongly pressed by plaintiff as error. The contention of a plaintiff that, although he may be guilty of negligence, yet the defendant had the last opportunity to prevent *Page 156 
injury, can be presented under the issue of contributory negligence, as negligence, to bar recovery, must be shown to be the proximate cause. Baker v. R. R., 118 N.C. 1021; Ramsbottom v. R. R., 138 N.C. (216) 38. We find nothing in this case which warrants the application of the so-called doctrine of the last clear chance. The only person who, it is claimed, could have intervened and saved the plaintiff from injury was the brakeman, Outlaw, and we see nothing in the evidence to sustain the contention that he could have done it. It appears by plaintiff's own testimony that he had been employed on a freight train of defendant, and was an experienced brakeman; that he was ordered by the conductor to help Elias Outlaw place some shanty cars on the siding; that, instead of going to the side of the shanty cars where the ladders were, he let the shanties pass, and jumped on a coal car, which was the first car after the shanties passed. In respect to this contention the plaintiff's evidence is as follows: "As soon as I caught the coal car, which was the first car that reached me after the shanties passed, I got upon the platform of the coal car and at once started to step from it to a ladder on the shanty car, which I was going to place on the side-track. Just as I was stepping to this ladder on the shanty car the switchman cut off the cars and dropped me from the center of the track down to ground." This testimony makes the acts of plaintiff and the switchman, Outlaw, practically simultaneous. Upon the plaintiff's statement, then, there was no intervening time between his step and the act of Outlaw in disconnecting the cars to have enabled any agency to have been brought to bear upon the occurrence which could have averted the injury. Therefore, there is no possible deduction in the testimony which would have permitted the submission of this issue. Again, there is no evidence in the record that Outlaw saw the plaintiff as he started to climb from the moving coal car onto the shanty, or that Outlaw had any reason to expect the plaintiff to take that way of going on top of the shanty instead of the usual method of climbing from the ground by the ladders. There was no "last clear chance" left to Outlaw to avoid the injury, and no evidence that he neglected any duty he, as a fellow-servant, owed the (217) plaintiff. The evidence, therefore, does not support the issue tendered, and for the same reason, we think, his Honor properly declined to give plaintiff's prayer for instruction embodying such contention. Ellerbe v. R. R., 118 N.C. 1026; Taylor v. R. R.,109 N.C. 236.
1. The only exception to the evidence and most of the prayers for instruction relate to the first issue; and as the jury answered that issue in favor of the plaintiff, it is unnecessary to consider them.
2. The contention of plaintiff, as presented in prayers for instruction upon the second issue, that "kicking" cars is negligence per se, and the proximate cause of the plaintiff's injury, seems to be founded upon *Page 157 
a misapprehension of the decisions. The word "kicking" seems to be used, in railroad parlance, as synonymous with making a "flying switch." This Court has never held such operations to be per se negligence in respect of the employees performing them. It is "the attempt to make a running switch" when the detached car has no brakeman on it and is under no control that is declared to be negligence, because highly dangerous. Wilson v. R. R.,142 N.C. 336, and cases there cited.
3. The plaintiff further requested the court to charge that there is no evidence of contributory negligence. We think his Honor properly denied his prayer. There is ample evidence in the record to go to the jury upon that issue. In fact, his Honor might well have instructed the jury that the plaintiff, upon his own showing, was guilty of contributory negligence, and by his careless conduct caused his injury. Plaintiff was ordered to assist the switchman, Elias Outlaw, in sidetracking the "shanties." Being a brakeman, he knew his place was on top of the shanties and at the brakes, so he could control the cars as they were "shunted" or "kicked" from the track onto the switch. He jumped from the ground to the moving coal car, next to the shanty, for the purpose of ascending the ladder. When he mounted the coal car he saw the switchman at the crank and knew he was in (218) the act of "cutting loose" the shanties, as ordered. The plaintiff never called to Outlaw, but took his chances and endeavored to leap onto the shanty car just as the switchman "cut it loose." The plaintiff probably believed that he could successfully make the leap, or doubtless he would not have attempted it. He made a mistake, as other unfortunate men have done before, and fell to the ground between the moving cars and was injured.
The majority of the Court is of opinion that there is
No error.
Cited: Boney v. R. R., post, 250; Johnson v. R. R., 163 N.C. 445;Bordeaux v. R. R., 150 N.C. 532; Vaden v. R. R., ib., 702; Farris v. R.R., 151 N.C. 487; Johnson v. R. R., 163 N.C. 445; Kenney v. R. R.,165 N.C. 103. *Page 158