CHARLES E. VADEN, ADMINISTRATOR, v. NORTH CAROLINA
RAILROAD COMPANY.

(Filed 21 May, 1909.)

**Railroads—"Kicking" Cars—"Flying" Switches—Streets of Towns—
Evidence—Negligence per se—Nonsuit.**

It is negligence *per se* for those in charge of a railroad engine and train to "kick" cars or make "flying" switches along the streets of populous towns; and when there is evidence that plaintiff's intestate, with other employees of a factory, was leaving his work at a factory in a populous town, and the intestate was in this manner killed by the defendant, in front of the factory, a motion as of nonsuit upon the evidence should be denied (*Baker v. Railroad, ante,* 562, cited and approved, upon the doctrine of contributory negligence of a thirteen-year-old child.)

ACTION tried before *Long, J.,* and a jury, at January Term, 1909, of GUILFORD, to recover damages for the negligent killing of plaintiff's intestate.

The usual issues of negligence, contributory negligence and damage were submitted and found against defendant. From the judgment rendered the defendant appealed.

The facts are stated in the opinion of the Court.

*W. P. Bynum, Jr.,* and *R. C. Strudwick* for plaintiff.
*Wilson & Ferguson* for defendant.

BROWN, J. The defendant in apt time entered a motion to nonsuit, which the court overruled, and defendant excepted. The undisputed evidence tends to prove that the intestate, a boy thirteen years of age, was struck and killed on defendant's tracks, by a car which had been shunted onto the switch track and was moving quite rapidly towards Tomlinson Street crossing. The car had no brakeman on it and had been "kicked" onto the track by the engine, thereby making what is called a flying switch. The switch tracks were located in a populous part of the city of High Point and the intestate was killed immediately in front of Tomlinson's factory, where he worked. The evidence for plaintiff tends to prove that he was killed about thirty feet from where Tomlinson Street crosses the tracks. The evidence for defendant locates him farther from the crossing. All the evidence shows that these switch tracks were situated in a populous part of the city and adjacent to and close by factories where many persons of all ages were employed. At the time the intestate was killed the factory had just closed for the day, and the employees were filling the streets and crossings. The court permitted evidence to the effect that there is much passing by school children, factory hands, and citizens generally, along Tomlinson Street and in the vicinity of the accident, to which defendant excepted. We see no objection to this evidence. It tended to establish conditions that should have put the defendant on notice as to the necessity for caution in moving its cars at this point. *Railroad v. Smith,* 18 L. R. A., 66.

This case presents none of the features of *Bailey v. Railroad,*

149 N. C., 169. The intestate in that case had wrongfully entered the switching yards and climbed on the tender of an engine and was killed in a collision.

Making "flying switches" on the railway tracks and sidings running across and along the streets of populous towns is *per se* gross negligence, and has been so declared by all courts in this country and by text writers generally. It is stated in one of the best-known text-books that the use of a running switch in a highway in the midst of a populous town or village is of itself "an act of gross and criminal negligence on the part of the company." Sherman and Red. Neg. (3d Ed.), sec. 466; *Wilson v. Railroad*, 142 N. C., 333; *Allen v. Railroad*, 145 N. C., 214; *Bradley v. Railroad*, 126 N. C., 742.

In the voluminous notes to *Railroad v. Smith*, 18 L. R. A., cited above, will be found innumerable cases selected from many courts of last resort, condemning the practice of making flying switches along the streets of towns and cities and pronouncing such practice *per se* negligence.

Upon the issue of contributory negligence upon the part of a child thirteen years of age, we think his Honor's instructions are clearly in line with what we have laid down in *Baker v. Railroad, ante*, 562, and that in all respects he followed well-settled precedents.

We have examined all the exceptions and think it would be of no value to discuss them *seriatim*. It would be traveling over ground that has been much traveled before.

We find in the record no reversible error.

No Error.